FILED-ED4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ELIE BITTON, individually and on behalf of his minor son, ALBERT BITTON,

    Plaintiffs,

v.

THE CITY OF CHICAGO, OFFICER REED, and UNKNOWN CHICAGO POLICE OFFICERS,

    Defendants.

04C 0325

JUDGE LEINENWEBER

MAGISTRATE SIDNEY I. SCHENKIER

JURY TRIAL DEMANDED

DOCKETED JAN 20 2004

**COMPLAINT**

NOW COME Plaintiffs, ELIE BITTON, individually and on behalf of his minor son, ALBERT BITTON, by their attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, OFFICER REED, and UNKNOWN CHICAGO POLICE OFFICERS (all officers collectively referred to as the "Defendant Officers"), state as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## Background

4.  Plaintiff, ELIE BITTON, is a seventy-four year-old resident of Chicago, Illinois.

5.  Plaintiff, ALBERT BITTON, is Elie Bitton's sixteen year-old son and is also a resident of Chicago, Illinois.

6.  On or about the morning of August 20, 2003, the Defendant Officers, including Officer Reed, arrested Elie Bitton and Albert Bitton without lawful justification.

7.  After arresting Albert Bitton, Officer Reed coached a witness to sign a complaint falsely accusing Albert Bitton of committing a criminal offense. But for Officer Reed's misconduct in this regard, no complaint would have been signed.

8.  Elie Bitton and Albert Bitton were subsequently transported to the police station. Upon arrival, Officer Reed used unprovoked violence against Elie Bitton causing him excruciating pain.

9.  Both Elie Bitton and Albert Bitton were fingerprinted and photographed. The Defendant Officers then placed Elie Bitton in the lock-up and detained Albert Bitton in a separate area inside the police station.

10. Elie Bitton sat in a cell for over twelve hours without receiving medical attention, despite repeatedly complaining about pain in his head, back, and arm, and requesting treatment for his lung disease. The Defendant Officers responded Elie Bitton's complaints by falsely telling him throughout his detention that he would be released shortly.

11. Albert Bitton spent several hours waiting in

the police station before being released without being charged.

12. Elie Bitton was eventually released, approximately fourteen hours after his arrest, without even being told with what crime he was charged. Immediately after his release, Elie Bitton went to the hospital for treatment of his injuries.

13. The charges against Elie Bitton were subsequently resolved in a manner indicative of his innocence.

## Count I -- 42 U.S.C. § 1983

### Excessive Force

14. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

15. As described in the preceding paragraphs, the conduct of Defendant Officer Reed toward Elie Bitton constituted excessive force in violation of the United States Constitution.

16. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiff Elie Bitton's constitutional rights.

17. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

18. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the

moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

  b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

  c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

  e. The City of Chicago has failed to act to

4

remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

19.    As a result of unjustified and excessive use of force by Defendant Officer Reed, as well as the City's policy and practice, Plaintiff Elie Bitton has suffered pain and injury, as well as emotional distress.

20.    The misconduct described in this Count was

undertaken by Defendant Officer Reed within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for his actions.

### COUNT II -- State Law Claim
### Assault and Battery

21. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

22. As described more fully in the preceding paragraphs, the actions of Defendant Officer Reed created a reasonable apprehension of imminent harm and constituted offensive physical contact with Elie Bitton.

23. As a result of the actions of Defendant Officer Reed, Elie Bitton sustained physical and emotional injuries.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

25. The misconduct described in this Count was undertaken by Defendant Officer Reed within the scope of his employment such that his employer, CITY OF CHICAGO, is liable for his actions.

### Count III -- 42 U.S.C. § 1983
### Failure to Intervene

26. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

27. The Defendant Officers had a reasonable

opportunity to prevent Defendant Officer Reed from using excessive force against Plaintiff Elie Bitton had they been so inclined, but they failed to do so.

28. As a result of the Defendant Officers' failure to intervene, Plaintiff Elie Bitton suffered pain and injury, as well as emotional distress.

29. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

30. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

31. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

### Count IV -- 42 U.S.C. § 1983
### Denial of Medical Attention

32. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

33. As described more fully above, after being beaten by Defendant Officer Reed, Elie Bitton repeatedly requested medical attention. Despite having actual knowledge of Elie Bitton's serious medical condition, the Defendant Officers failed to provide him with medical attention.

34. In this manner, the conduct of the Defendant Officers was objectively unreasonable and deliberately indifferent to Elie Bitton's objectively serious medical needs.

35. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

36. As a result of the Defendant Officers' objectively unreasonable conduct and deliberate indifference to necessary medical needs, Elie Bitton suffered additional damages, including but not limited to mental distress and anguish.

37. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

### Count V -- 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

38. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39. As described more fully above, the Defendant Officers falsely arrested and unlawfully detained Plaintiffs without legal justification.

40. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

41. The misconduct described in this Count was

undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

42. As a result of the above-described wrongful infringement of their rights, Plaintiffs suffered damages, including but not limited to emotional distress and anguish.

43. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT VI -- State Law Claim

### False Arrest/False Imprisonment

44. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

45. Plaintiffs Elie Bitton and Albert Bitton were arrested and detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

46. In the manner described more fully above, the Defendant Officers unlawfully restrained Plaintiffs' liberty by imprisoning them.

47. As a result of this misconduct, Elie Bitton and Albert Bitton have suffered and continue to suffer damages, including but not limited to emotional distress and anguish.

48. The misconduct set forth above was undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

49. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

### COUNT VII -- State Law Claim
### Malicious Prosecution

50. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

51. In the manner described more fully above, Plaintiff Elie Bitton was improperly subjected to judicial proceedings unsupported by probable cause to believe that he had committed a crime. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Elie Bitton's favor in a manner indicative of innocence.

52. Specifically, the Defendant Officers accused Elie Bitton of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

53. The Defendant Officers made statements regarding Elie Bitton's alleged culpability with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

54. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

55. As a proximate result of this misconduct, Elie Bitton suffered injuries, including but not limited to emotional distress.

56. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

### Count VIII -- State Law Claim
### Respondeat Superior

57. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

58. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

59. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT IX -- State Law Claim
### Indemnification

60. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

61. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for

which employees are liable within the scope of their employment activities.

      62.   The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

      WHEREFORE, Plaintiffs, ELIE BITTON, individually and on behalf of his minor son, ALBERT BITTON, respectfully request that this Court enter judgment in their favor and against Defendants, THE CITY OF CHICAGO, OFFICER REED, and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

      Plaintiffs, ELI BITTON, individually and on behalf of ALBERT BITTON, his minor son, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Jon Rosenblatt
Russell Ainsworth
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** Elie Bitton, individually and on behalf of his minor son, Albert Bitton

County of Residence: Cook

Plaintiff's Atty: Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

**Defendant(s):** The City of Chicago, Officer Reed, and Unknown Chicago Police Officers

County of Residence:

Defendant's Atty:

**04C 0325**

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties
(Diversity Cases Only)
    Plaintiff: - **N/A**
    Defendant: - **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **440 Other Civil Rights**

VI. Cause of Action: **42 U.S.C. Section 1983**

**JUDGE LEINENWEBER**
**MAGISTRATE SIDNEY I. SCHENKIER**

VII. Requested in Complaint
    Class Action:
    Dollar Demand:
    Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: 1-16-04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. Note: You may need to adjust the font size in your browser display to make the form print properly. Revised: 06/28/00

DOCKETED JAN 2 0 2004

FILED 04 JAN 16 PM 2:42 U.S. DISTRICT COURT

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm      1/16/04

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

Elie Bitton, individually and on behalf of his minor son, Albert Bitton
v.
The City of Chicago, Officer Reed, and Unknown Chicago Police Officers

Case Number: **04C 0325**

JUDGE LEINENWEBER

MAGISTRATE SIDNEY I. SCHENKIER

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiffs: Elie Bitton and Albert Bitton

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Jon Loevy | NAME: Arthur Loevy |
| FIRM: Loevy & Loevy | FIRM: Same |
| STREET ADDRESS: 312 N. May St., Suite 100 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60607 | CITY/STATE/ZIP: |
| TELEPHONE: (312) 243-5900  FAX: (312) 243-5902 | TELEPHONE:  FAX: |
| E-MAIL: | E-MAIL: |
| ID NUMBER: 02618254 | ID NUMBER: 1682479 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☑ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Jon Rosenblatt | NAME: Russell Ainsworth |
| FIRM: Same | FIRM: Same |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE:  FAX: | TELEPHONE:  FAX: |
| E-MAIL: | E-MAIL: |
| ID NUMBER: 6270519 | ID NUMBER: 6280777 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ |

Stamp: JAN 16 2004

1-3